DISTRICT COURT
FILED
DEC 16 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

1. SHELLY R. WELCH )
 )
 Plaintiff, )
 ) Case No. CJ-2019 04907
v. ) Judge: REBECCA NIGHTINGALE
 )
2. MARGARITAVILLE OKLAHOMA, LLC, )
 ) JURY TRIAL DEMANDED
 Defendant. ) ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Shelly R. Welch ("Plaintiff") and for her claims for relief against Margaritaville Oklahoma, LLC ("Defendant") alleges and states as follows:

### JURISDICTION AND VENUE

1. This is a civil action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000 *et seq*.

2. Jurisdiction over the subject matter of this action is vested in this Court pursuant to 42 U.S.C. § 2000 *et seq* and the general jurisdiction of the state court.

3. Venue is proper in this district and division under 42 U.S.C. § 2000 e-5 (f)(3), because the unlawful employment practice occurred within this county by a defendant conducting business in this county.

4. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C.") and gave the agency ample information in which they could investigate her legal claims and informed the agency of other evidence or information within her control.

1

5. Plaintiff was given the right to sue letter on September 17, 2019. This action is timely filed within ninety days of receipt of the right to sue letter.

## PARTIES

6. Plaintiff is a resident of Tulsa County, State of Oklahoma.

7. Defendant is a limited liability company doing business in the state of Oklahoma with members who are citizens of Oklahoma.

## FACTS COMMON TO ALL COUNTS

8. The foregoing paragraphs are incorporated as if they were set out herein.

9. Plaintiff is an employee of Margaritaville Oklahoma LLC.

10. Ron Gutman was the Executive Chef of Margaritaville Oklahoma, LLC ("MO") and the immediate supervisor of Plaintiff.

11. Mr. Gutman sexually harassed former Margaritaville Oklahoma, LLC bartender, Anna Jenkins in 2017.

12. MO did not discipline or terminate Mr. Gutman and Ms. Jenkins quit.

13. In early 2018, Mr. Gutman harassed then physically assaulted Margaritaville Oklahoma, LLC employee Amy Sue by shoving a catering cart into her body.

14. MO did not discipline or terminate Mr. Gutman.

15. Later in 2018, Mr. Gutman repeatedly directed racial slurs to Margaritaville Oklahoma, LLC employee, Caleb, who was Jewish.

16. MO finally wrote up Mr. Gutman but let him continue his employment.

17. Shortly after becoming Plaintiff's supervisor Mr. Gutman began making sexual statements to Plaintiff.

18. Plaintiff often worked in the mornings alone with Mr. Gutman for an hour before any other staff arrived.

19. The first incident occurred in the kitchen when Plaintiff was writing the morning hotel occupancy on a board on the kitchen wall.

20. Mr. Gutman mentioned that the tile wall in the kitchen was hard. He then leered at Plaintiff and said, "I have something hard."

21. Plaintiff told Mr. Gutman he was "nasty" and not to talk to her in that way.

22. Mr. Gutman started laughing and Plaintiff left the room.

23. A few weeks later Plaintiff was in the kitchen making coleslaw at Mr. Gutman's request and asked Mr. Gutman the ratio of dressing to cabbage for the coleslaw.

24. Mr. Gutman responded by telling Plaintiff that it "had to look wet" and you "have to put your finger in it to make sure it's wet."

25. Plaintiff again told Mr. Gutman he was nasty, to "shut up", and she left the room.

26. On or about September 19, 2018, Margaritaville Oklahoma, LLC General Manager, Phillip Taylor told Plaintiff to do the liquor invoices and purchase orders.

27. Days after that incident Plaintiff was talking with another employee Cody Black about her cat having kittens.

28. Mr. Gutman inserted himself into the conversation and said "my cats are bad". He then put his finger in his mouth and sucked on his finger and put his finger up and said, "I put my finger in their ass."

29. Plaintiff told Mr. Gutman he was a sick person, that his comment was not funny and she and Mr. Black left the room.

3

30. On another occasion Mr. Gutman told Plaintiff that she needed to wear pants to work in the kitchen.

31. Plaintiff arrived to work the next time in pants and Mr. Gutman told her she looked good in her pants.

32. Plaintiff said, "Thank you," and walked away. Mr. Gutman came back by Plaintiff and said "Man, them pants look very good on you."

33. Plaintiff told him to stop commenting on her pants and leave her alone.

34. Mr. Gutman proceeded to continually walk by Plaintiff and comment on how she looked in her pants.

35. On October 26, 2018, Plaintiff was doing her work listening to music when Mr. Gutman walked by and said "That song said something about sex. Oh yeah, sex baby."

36. Plaintiff told Mr. Gutman to shut up and turned off the music.

37. Another incident occurred when Plaintiff, Mr. Gutman and another employee named Nick were in the office at Margaritaville Oklahoma, LLC.

38. Mr. Gutman asked Plaintiff about a mark on her neck and asked if she was going to take a cruise.

39. Plaintiff told Mr. Gutman her life was none of his business, and Mr. Gutman told Plaintiff he would like to take a cruise with her and told Plaintiff, "Shelly, I am good at giving hickeys too."

40. Plaintiff told Mr. Gutman "This is why I have no respect for you" and left the room.

4

41. Plaintiff then went to Hannah Hill the human resources representative of Margaritaville Oklahoma LLC and told her everything that Mr. Gutman had said and done to her.

42. Ms. Hill told Plaintiff to write a statement and she would talk with the General Manager and they would get back to her.

43. Later Mr. Taylor told Plaintiff that he had not forgotten about her and the was going to talk to Adam, the corporate human resources representative.

44. Following MO's investigation, Gutman was terminated.

45. About two weeks later on November 15, 2018, Mr. Taylor told Plaintiff he was going to give her a written warning for the way she talked to Mr. Gutman.

46. Plaintiff told Mr. Taylor that she had worked for MO for over a year and had never been written up and the only reasons she was getting into trouble now was because she complained about Mr. Gutman's behavior and told on her boss "for being a perv".

47. Mr. Taylor then told Plaintiff she was going to get "pointed" (a disciplinary action used by Margaritaville Oklahoma, LLC) for coming in late on Tuesday November 13, 2018.

48. Plaintiff had pre-approved her late arrival with Kitchen Manager, Colton Evans two weeks in advance because she wanted to be at her son's surgery.

49. After this encounter, Plaintiff's hours were lessened and sometimes removed from the schedule completely

## FIRST CLAIM FOR RELIEF

### DISCRIMINATION BASED ON SEX (TITLE VII) AND THE OKLAHOMA ANTI-DISCRIMINATION ACT (OADA) 25 O.S. § 1301 ET SEQ

50. The foregoing paragraphs are incorporated as if they were set out herein.

51. Ronald Gutman had a long history of sexual harassment and race discrimination against other employees prior to sexually harassing Plaintiff.

52. Defendant permitted Gutman to get away with sexual harassment and racially derogatory remarks on many occasions prior to his sexual harassment of Plaintiff.

53. Defendant failed to terminate Gutman for his prior offenses.

54. Defendant failed to follow its own policies and procedures for terminating employees such as Gutman prior to his sexual harassment of Plaintiff.

55. Defendant's failure to terminate Gutman for the numerous prior instances of sexual harassment and racial discrimination caused Gutman to be in a position to sexually harass Plaintiff.

56. Gutman did not make sexually explicit advances to men.

57. Defendant knowingly permitted Gutman to perpetuate sexual harassment and race discrimination on his subordinates.

58. Defendant failed to stop Gutman from perpetuating sexual harassment and race discrimination on his subordinates after it was on notice of it.

59. Defendant reduced Plaintiff's hours, wrote her up, and gave her points only after she reported Gutman's conduct which resulted in his termination.

6

WHEREFORE, Plaintiff prays for judgment against Defendant Margaritaville Oklahoma, LLC for:

    a. Back pay and lost benefits; front pay until normal retirement;

    b. Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

    c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

    d. Attorney fees and costs and expenses of this action;

    e. Equitable Relief;

    f. Such other relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF
## (HOSTILE WORK ENVIRONMENT)

60. The foregoing paragraphs are incorporated as if they were set out herein.

61. Ronald Gutman had a long history of sexual harassment and race discrimination against other employees prior to sexually harassing Plaintiff.

62. Defendant permitted Gutman to get away with sexual harassment and racially derogatory remarks on many occasions prior to his sexual harassment of Plaintiff.

63. Defendant failed to terminate Gutman for his prior offenses.

64. Defendant failed to follow its own policies and procedures for terminating employees such as Gutman prior to his sexual harassment of Plaintiff.

7

65. Defendant's failure to terminate Gutman for the numerous prior instances of sexual harassment and racial discrimination caused Gutman to be in a position to sexually harass Plaintiff.

66. Defendant knowingly permitted Gutman to perpetuate sexual harassment and race discrimination on his subordinates.

67. Defendant failed to stop Gutman from perpetuating sexual harassment and race discrimination on his subordinates after it was on notice of it.

68. Defendant reduced Plaintiff's hours, wrote her up, and gave her points only after she reported Gutman's conduct which resulted in his termination.

69. Defendant's actions created a hostile work environment for Plaintiff.

70. The Defendant failed to follow its internal policies by which employees could be protected from a hostile work environment created by Mr. Gutman.

WHEREFORE, Plaintiff prays for judgment against Defendant Margaritaville Oklahoma, LLC for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

d. Attorney fees and costs and expenses of this action;

e. Equitable Relief;

f. Such other relief as the Court deems just and equitable.

8

## THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

71. The foregoing paragraphs are incorporated as if they were set out herein.

72. Ronald Gutman had a long history of sexual harassment and race discrimination against other employees prior to sexually harassing Plaintiff.

73. Defendant permitted Gutman to get away with sexual harassment and racially derogatory remarks on many occasions prior to his sexual harassment of Plaintiff.

74. Defendant failed to terminate Gutman for his prior offenses.

75. Defendant failed to follow its own policies and procedures for terminating employees such as Gutman prior to his sexual harassment of Plaintiff.

76. Defendant's failure to terminate Gutman for the numerous prior instances of sexual harassment and racial discrimination caused Gutman to be in a position to sexually harass Plaintiff.

77. Gutman did not make sexually explicit advances to men.

78. Defendant knowingly permitted Gutman to perpetuate sexual harassment and race discrimination on his subordinates.

79. Defendant failed to stop Gutman from perpetuating sexual harassment and race discrimination on his subordinates after it was on notice of it.

80. Defendant reduced Plaintiff's hours, wrote her up, and gave her points only after she reported Gutman's conduct which resulted in his termination.

81. Defendant Margaritaville Oklahoma, LLC disciplined Plaintiff in retaliation for reporting Mr. Gutman's sexual harassment and violent behavior.

9

82. The Defendant failed to implement any internal policies by which employees could be protected from retaliation.

83. By taking adverse actions against the Plaintiff for her participation in protected activity, Defendant has violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et. Seq.

**WHEREFORE,** Plaintiff prays for judgment against Defendant Margaritaville Oklahoma, LLC for:

   a. Back pay and lost benefits; front pay until normal retirement;

   b. Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

   c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

   d. Attorney fees and costs and expenses of this action;

   e. Equitable Relief;

   f. Such other relief as the Court deems just and equitable.

## FOURTH CLAIM FOR RELIEF
### (Negligent Retention and Supervision)

84. The foregoing paragraphs are incorporated as if they were set out herein.

85. Ronald Gutman had a long history of sexual harassment and race discrimination against other employees prior to sexually harassing Plaintiff.

86. Defendant permitted Gutman to get away with sexual harassment and racially derogatory remarks on many occasions prior to his sexual harassment of Plaintiff.

87. Defendant failed to terminate Gutman for his prior offenses.

88. Defendant failed to follow its own policies and procedures for terminating employees such as Gutman prior to his sexual harassment of Plaintiff.

89. Defendant's failure to terminate Gutman for the numerous prior instances of sexual harassment and racial discrimination caused Gutman to be in a position to sexually harass Plaintiff.

90. Gutman did not make sexually explicit advances to men.

91. Defendant knowingly permitted Gutman to perpetuate sexual harassment and race discrimination on his subordinates.

92. Defendant failed to stop Gutman from perpetuating sexual harassment and race discrimination on his subordinates after it was on notice of it.

93. Defendant reduced Plaintiff's hours, wrote her up, and gave her points only after she reported Gutman's conduct which resulted in his termination.

94. Gutman's conduct caused Plaintiff emotional distress that caused physical suffering.

95. Defendant's conduct was the proximate cause of Plaintiff's emotional distress and physical suffering.

**WHEREFORE**, Plaintiff prays for judgment against Defendant Margaritaville Oklahoma, LLC for:

a. Back pay and lost benefits; front pay until normal retirement;

b. Compensatory damages for her emotional distress, pain and suffering and other non-pecuniary losses;

c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendant's management and executives;

11

    d. Attorney fees and costs and expenses of this action;

    e. Equitable Relief;

    f. Such other relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

**SALMON LAW FIRM,**

*/s/ Caleb Salmon*

Caleb M. Salmon, OBA No. 32272
5800 E. Skelly Drive, Suite 575
Tulsa, Oklahoma 74135
Telephone: (918) 524-9500
Facsimile: (918) 524-9555
caleb@salmonlawfirmok.com
*Attorney for Plaintiff*

## IN THE DISTRICT COURT FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| 1. SHELLY R. WELCH | ) |
| | ) |
| Plaintiff, | ) |
| | ) CJ-2019 04907 |
| v. | ) Judge: |
| | ) |
| 2. MARGARITAVILLE OKLAHOMA, LLC, | ) |
| | ) |
| Defendant. | ) |

To the above-named Defendants:

    Margaritaville Oklahoma LLC

    You have been sued by the above-named Plaintiff, and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this **16** day of **12**, 20**19**.

_____ Court Clerk

By

(Seal)                          Deputy Court Clerk

This summons and order was served on _____.
                                                       (date of service)
                                   (Signature of person serving summons)

*YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMITED STATED IN THIS SUMMONS.*

Caleb M. Salmon OBA # 32272           Appointed to Serve. PSL#_____
Salmon Law Firm
5800 E. Skelly Drive, Ste. 575
Tulsa, OK 74135
P: 918-524-9500                         Authorized By: _____
F: (918) 524-9555
*Attorney for Plaintiff*

## NATIONAL REGISTERED AGENTS, INC. OF OK
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: KRISTEN FANCHER
MARGARITAVILLE
3715 NORTHSIDE PKWY NW STE 4-475
ATLANTA, GA 30327-2886

SOP Transmittal # 536865737

800-592-9023 - Telephone

Entity Served: MARGARITAVILLE OF OKLAHOMA, LLC (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. of OK or its Affiliate in the State of OKLAHOMA on this 23 day of December, 2019. The following is a summary of the document(s) received:

1. **Title of Action:** SHELLY R. WELCH, PLTf. vs. MARGARITAVILLE OKLAHOMA, LLC, DFT.

2. **Document(s) Served:** Other: Petition, Summons

3. **Court of Jurisdiction/Case Number:** Tulsa County District Court, OK
   Case # CJ201904907

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   ___ Personally served by: ___ Process Server ___ Law Enforcement ___ Deputy Sheriff ___ U. S Marshall
   _X_ Delivered Via: _X_ Certified Mail ___ Regular Mail ___ Facsimile
   ___ Other (Explain):

6. **Date of Receipt:** 12/23/2019

7. **Appearance/Answer Date:** Within 20 days after service of this Summons upon you exclusive of die day of service

8. **Received From:** Caleb M. Salmon
   Salmon Law Firm
   5800 E. Skelly Drive, Suite 575
   Tulsa, OK 74135
   918-524-9500

9. **Carrier Airbill #** 1ZY041160197362174

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Email Notification, KRISTEN FANCHER  KFANCHER@MARGARITAVILLE.COM

**NATIONAL REGISTERED AGENTS, INC. OF OK**          CopiesTo:

Transmitted by  Amy McLaren

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. of OK for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

# CERTIFIED MAIL

311091-1-1-PRI
SLF
5800 E Skelly Drive
Ste 575
Tulsa, OK 74135

USPS CERTIFIED MAIL™

9214 8901 3247 3400 1021 1712 57

SIGNATURE REQUIRED PER DMM 3.1.1

1··························SNGLP 480

National Registered Agents Inc of OK
Margaritaville of Oklahoma LLC
1833 S Morgan Rd
Oklahoma City, OK 73128-7004

UNITED STATES POSTAGE
PITNEY BOWES
$ 006.550
02 1P
0000905101 · DEC 14 2019
MAILED FROM ZIP CODE 48506

Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 16
SafetySeal(101761)



MARA VELASCO　　　　　　　1.0 LBS　　LTR　　　　1 OF 1
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS TX 75201

**SHIP TO:**
　　KRISTEN FANCHER
　　4042620929
　　MARGARITAVILLE
　　3715 NORTHSIDE PKWY NW STE 4-475
　　**ATLANTA  GA 30327**

 

GA 303 3-13

1468927    21

**UPS NEXT DAY AIR**　　　　　　　　**1**
TRACKING #: 1Z Y04 116 01 9736 2174



BILLING: P/P

Reference No.1: SOP/2401130/536865737/CT SOP Custo
　　　　　　XOL 19.10.10　　NV45 20.0A 10/2019 

Origin: Wolters Kluwer UPS 562130

# NRAI Packing Slip


NATIONAL REGISTERED AGENTS, INC.
An NRAI Solutions Company

**UPS Tracking #:** 1ZY041160197362174
**Created By:** Nishu Dutta
**Created On:** 12/23/2019 11:06 PM
**Recipient:**

| KRISTEN FANCHER | |
|---|---|
| Title: | -- |
| Customer: | MARGARITAVILLE |
| Address: | 3715 NORTHSIDE PKWY NW STE 4-475 |
| Email: | KFANCHER@MARGARITAVILLE.COM |
| Phone: | 404-262-0929      Fax: - |

**Package Type:** Envelope
**Items shipped:** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 536865737 | CJ201904907 | MARGARITAVILLE OF OKLAHOMA, LLC |